# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON L. WADE,

   Petitioner,

v.             Civil Action No. 3:12cv82
               (Judge Groh)

DAVID R. BALLARD. Warden,

   Respondent.

## OPINION/REPORT AND RECOMMENDATION

   This case was initiated on August 20, 2012, when the petitioner filed a Petition for Writ of Habeas Corpus and Application to proceed without prepayment of fees in the United States District Court for the Southern District of West Virginia. Because the petitioner is challenging a sentence imposed by the Circuit Court of Ohio County, the case was transferred here on August 23, 2012. On that date, the Clerk of Court sent the petitioner a Notice of Deficient pleading and enclosed this court's form 2254 petition, motion to proceed IFP, and Prisoner Trust Account Report. On September 10, 2012, the petitioner paid the $5 filing fee and submitted his 2254 petition on the approved form. Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P § 2.

### I. Factual and Procedural Background

**A. Petitioner's Conviction and Sentence**

   The petitioner was convicted in the Circuit Court of Ohio County, West Virginia of three counts of Wanton Endangerment with a Firearm. The criminal action number assigned to the case is 10-F-17. The petitioner indicates that he was sentenced in November 2011 to consecutive

sentences of five years, four years, and three years, According to the Division of Corrections website, his next parole hearing is tentatively scheduled for March 23, 2014, and his projected release date is March 22, 2017.

**B.　Petitioner's Direct Appeal**

The petitioner did not appeal his conviction.

**C.　Petitioner's State Habeas Petition**

The petitioner has not yet filed a state habeas petition.

**D.　Petitioner's Federal Habeas Petition**

The petitioner alleges that he was sentenced to three consecutive sentences for the same transaction. He expands on this allegation by noting that he only committed one crime because he only shot at one person. He also alleges that his plea agreement was not honored. The petitioner also alleges that he received ineffective assistance of counsel. The petitioner further maintains that he did one year on house arrest and 6 months in jail but did not receive credit for that time against his sentence. The petitioner is seeking relief from his sentence, credit for time served and an award of probation or parole.

## II.　Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365

(1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[1] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The

---

[1] Picard v. Connor, 404 U.S. 270 (1971).

3

exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution

Here, the petitioner did not file a direct appeal of his state court conviction and sentence, nor has he filed a post-conviction state habeas proceeding. Therefore, the undersigned finds that the petitioner's claims are not exhausted as he still has a remedy available in State court. Thus, it is inappropriate for this Court to entertain the petitioner's federal habeas petition at this time, and the petition should be dismissed.

### III. Recommendation

For the reasons set forth in this opinion, it is recommended that the petitioner's § 2254 petition be **DISMISSED WITHOUT PREJUDICE** to the petitioner's right to renew the same following the proper exhaustion of state remedies. It is further recommended that the petitioner's Application to Proceed without Prepayment of Fees and Costs (Doc. 1) be **DISMISSED AS MOOT** because the petitioner tendered the filing fee.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 11-7-2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE